PER CURIAM.
Appellant moved to correct an illegal sentence, claiming that he had been denied the proper jail credit. What he actually complains of is the Department of Corrections application of a forfeiture of gain time. The underlying issue, however, is whether appellant was on probation for count I of Case No. 93-192 when he violated probation imposed for other crimes. The trial court has already ruled that he was not. What is disconcerting is that the state reports that DOC apparently has a copy of an April 19, 1994 sentence that does not appear in the court file, which it used to calculate the forfeiture of gain time. In that sentence, appellant was given nine years imprisonment and twenty years probation for a second degree felony. This was contrary to the March 8, 1994 stipulated order vacating the original sentence and resentencing appellant to nine years in prison with no probation. The state concedes that the April 19 sentence is illegal. We therefore reverse and remand for vacation of the April 19 sentencing order. The trial court should furnish DOC with a copy of the order vacating that sentence so that it can recalculate forfeiture of gain time in accordance with correct sentencing documents.
WARNER, GROSS and HAZOURI, JJ., concur.